ATLANTIC COAST LINE RAILROAD COMPANY, a corporation, *Plaintiff in Error*, v. J. M. GRIFFIN LUMBER COMPANY, a corporation, *Defendant in Error*.

Division B.

Opinion filed August 5, 1930.

W. B. *Crawford* and W. B. *Parks*, for Plaintiff in Error;

Pat *Johnston*, for Defendant in Error.

BUFORD, J.—In this case the plaintiff in the court below, the defendant in error here, was the consignee of sixteen (16) mules which were shipped over the railroad of the defendant in the court below, plaintiff in error, here from Tampa to Kissimmee.

The declaration alleges in count One that when the mules were delivered to the carrier they were in good condition "and it became, and was, the duty of the defendant to safely and securely, and without delay, transport and carry said mules and other personal property and deliver the same to plaintiff uninjured at Kissimmee, Florida, the destination aforesaid, and upon its arrival at said destination to immediately notify the plaintiff herein of the arrival of said mules and other personal property, and it further became the duty of the said defendant to see that said mules were properly watered and fed, and cared for until the delivery thereof to the said plaintiff. Yet the defendant did not safely and securely transport said mules and other personal property and deliver same to the plaintiff uninjured as it was obligated by law to do, but on the contrary by the careless use and negligent management of the train of cars of the defendant used in the transportation of said mules and other personal property, all of said mules were injured, hurt and wounded to such a great extent that one of the said animals died within a few hours after delivery to plaintiff at Kissimmee, and the other mules were in such condition as to be practically worthless and of no value to plaintiff, to the damage of the plaintiff in the sum of $1,285.00, and the said plaintiff was forced to feed, care for and doctor the remainder of said stock for a great period of time in excess of what was usual and necessary, or what would have been required should said mules have been delivered promptly as the defendant was under obligation to do, and as a result thereof the plaintiff was forced to expend the sum of $500.00 in feeding said mules and caring for them."

Count Two, Three and Four are practically the same as Count One.

Count Five alleges that the shipment consisted of Ten (10) mules and alleges amongst other things:

"Said mules when delivered as aforesaid, were in good condition, and it became and was, the duty of the defendant to safely and securely and without delay, transport and carry said mules and deliver the same to the plaintiff uninjured at Kissimmee, Florida, the destination aforesaid, and upon its arrival at said destination to immediately notify the plaintiff herein of the arrival of said mules and it further became the duty of said defendant to see that said mules were properly watered and fed and cared for until the delivery thereof to the said plaintiff. Yet the defendant did not safely and securely transport said mules and deliver same to the plaintiff uninjured, as it was obligated by law to do, but on the contrary by the careless use and negligent management of the train of cars of the defendant used in the transportation of said mules, all of said mules were injured, hurt and wounded to such a great extent that they were in such condition as to be practically worthless and of no value to plaintiff, to the damage of the plaintiff in the sum of $1,285.00 and the said plaintiff was forced to feed, care for and doctor said mules for a great period of time in excess of what was usual and necessary or what would have been required should said mules have been delivered promptly as the defendant was under obligation to do, and as a result thereof the plaintiff was forced to expend the sum of $1,000.00 in feeding said mules and caring for them."

It is shown by the evidence that there was a shipment of Sixteen (16) mules, six in one car and ten in another. The evidence shows a material delay in the movement of

the shipment, practically three days being consummated between Tampa and Kissimmee when twelve hours is a reasonable time for such movement. The evidence shows that the mules were received in good condition by the transportation company and were delivered to consignee in bad condition, which bad condition was apparently caused from lack of food and water during the delayed transportation from Tampa to Kissimmee. The evidence is sufficient to substantiate the fact that the mules were damaged by reason of the delay in the movement of the shipment and by reason of the negligence of the defendant in failing to supply food and water to the mules while en route and during such delay, and that as a consequence of such damage one of the mules died and the others became greatly depreciated in value.

The Plaintiff was entitled to recover.
The judgment was for $1,785.00 and costs.
We think the judgment was excessive.

If the Plaintiff in the court below will enter a remittur of $785.00 within fifteen (15) days from the filing of the mandate in the court below, as of the date of the judgment, the remainder of the judgment will be allowed to stand as of the date thereof. Otherwise, the judgment will be reversed and the cause remanded for a new trial.

TERRELL, C. J., AND WHITFIELD, ELLIS AND BROWN, J. J., concur.